R. A. IRELAND *v.* THE BOARD OF EDUCATION OF KANAWHA COUNTY

(CC 514)

Submitted November 20, 1934. Decided December 4, 1934.

*Russell, Hiteshew, Adams & Hill,* for plaintiff.
*D. J. Savage,* for defendant.

MAXWELL, JUDGE:

There is presented on this certification the question of the correctness of the trial court's ruling in sustaining defendant's demurrer to the special count of plaintiff's declaration. The declaration also embraces common counts, not here involved.

The plaintiff is a practicing physician. He alleges in his special count that on the 12th of May, 1933, the board of education of Charleston Independent School District, by written contract, employed him at a salary of $162.00 per month as medical officer for said board for the fiscal year beginning July 1, 1933, and ending June 30, 1934; that by legislative enactment, chapter 8, Acts of the Legislature of West Virginia, First Extraordinary Session of 1933, the Independent School District Board was abolished and the Kanawha County Board of Education became successor thereto and liable for all claims legally existing against the Independent Board; that at the time he entered into the contract with the Independent Board it had ample and sufficient funds to carry out and perform in detail its part of the contract, which funds were later turned over by the Independent Board to its successor, the defendant; that in pursuance of the contract, he rendered services and performed the duties of medical officer during the months of July, August and September

and eleven days of October, 1933, and made regular reports of such services to the defendant; that on the 11th of October he was informed by the defendant that it did not recognize his contract of May 12, 1933, refused to permit him to perform any further services and declined to pay him his salary, by reason whereof he was damaged in the sum of $1,944.00, being the whole of his salary for said fiscal year.

It is provided in section 5 of article 5 of said Act of 1933, popularly known as the County Unit Law, that a county school board "shall also be liable in its corporate capacity for all claims legally existing against the board of which it is a successor." Therefore, there arises the query whether the contract of May 12, 1933, between the plaintiff and the Independent Board was a lawful contract so as to afford legal basis for plaintiff's claim against the defendant as successor of the Independent Board.

The County Unit Law became effective May 22, 1933, ten days subsequent to the execution of the contract on which the plaintiff bases this action. The current fiscal year ended June 30, 1933.

It is provided by Code 1931, 11-8-13, that a fiscal body (county court, board of education, council of a municipality) shall not "make any contract, express or implied the performance of which, in whole or in part, would involve the expenditure of money in excess of funds legally at the disposal of such fiscal body, nor issue or authorize to be issued any certificate, order or other evidence of indebtedness which cannot be paid out of the levy for the current fiscal year or out of the fund against which it is issued." This provision was in section 12, chapter 28-A, Code 1923. See *Swiger* v. *Board,* 107 W. Va. 173, 147 S. E. 708, construing and applying said inhibition.

At the time of the execution of the contract mentioned, the only exception to the said statutory inhibition was in Code 1931, 18-7-1, which authorized the employment of teachers prior to the first Monday of July (the first day of said month being the beginning of the fiscal year). *Campe* v. *Board,* 94 W. Va. 408, 118 S. E. 877. But even

that exception was not without its limitations. *Dorsey* v. *Board,* 114 W. Va. 129, 171 S. E. 118.

The contract of the board of education of Charleston Independent District with the plaintiff entered into six weeks prior to the expiration of the current fiscal year, for medical services to be rendered the following fiscal year, was clearly contrary to the statutory prohibition, unless the fact, as alleged in the special count, that the Independent Board at the time it entered into the contract had ample and sufficient funds to carry out and perform its part thereof, is sufficient to relieve the contract from the ban of the statute.

The interdiction of the statute lies against contracts for "the expenditure of money in excess of funds legally at the disposal of such fiscal body." The underlying purpose of the statute is to prevent the incurring of obligations which can be met only out of funds to be realized from levies of a subsequent year.

It does not follow from the fact that a fiscal body has a surplus of money at the end of a fiscal year that it may contract for the expenditure of such money from month to month through the succeeding year. Any excesses or balances should be carried into the proper funds of the succeeding fiscal year and proper credit made therefor when levies are being laid for that year. The balances operate to reduce future levies *pro tanto*. It follows that a contract in advance of a fiscal year for the expenditure of money, within that period, even though an equivalent amount of money be then in hand as a surplus or balance from the current year, is in reality an invasion of the funds of such subsequent year, and is in violation of Code 1931, 11-8-13.

On these principles the trial court did not err in sustaining the demurrer to the special count, and we so respond to the certification.

*Affirmed.*